**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 24-4443 |
| Plaintiff - Appellee, | D.C. No. 3:21-cr-05222-BHS-1 |
| v. | |
| CODY BENSON, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington

Benjamin H. Settle, District Judge, Presiding

Argued and Submitted September 15, 2025
Seattle, Washington

Before: W. FLETCHER and DE ALBA, Circuit Judges, and ORRICK, District Judge.**

Cody Benson appeals from her conviction of two counts of wire fraud under

18 U.S.C. § 1343, challenging the district court's denial of her motion to dismiss,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

proposed jury instructions, and motion for acquittal. We review de novo a district court's denial of a motion to dismiss an indictment, *United States v. Lyle*, 742 F.3d 434, 436 (9th Cir. 2014), and review de novo a motion for judgment of acquittal, *United States v. Amintobia*, 57 F.4th 687, 697 (9th Cir. 2023). As Benson notes, there is some confusion as to the standard of review of a district court's ruling on a proposed jury instruction. *See United States v. Ehmer*, 87 F.4th 1073, 1130 (9th Cir. 2023) (citing support for both de novo and abuse of discretion standards of review). We find it unnecessary to resolve that issue, however, as Benson's claim fails under de novo review.

All three of Benson's claims turn on whether the government impermissibly relied on a "salary-maintenance" theory of fraud that is foreclosed by our holding in *United States v. Yates*, 16 F.4th 256 (9th Cir. 2021). In rejecting the government's salary-maintenance theory of fraud in *Yates*, we distinguished between "a scheme whose object is to obtain a new or higher salary and a scheme whose object is to deceive an employer while continuing to draw an existing salary—essentially, avoiding being fired." *Id.* at 266. Though the former could constitute fraud, the latter was functionally equivalent to the salary-maintenance theory rejected by the Supreme Court in *Skilling v. United States*, 561 U.S. 358 (2010). In support of our holding, we echoed the *Skilling* Court's concerns that a

salary-maintenance theory of fraud would sweep too broadly and "criminalize a wide range of commonplace conduct." *Yates*, 16 F.4th at 267.

1. The district court was correct in concluding that Benson was not prosecuted under a salary-maintenance theory, and was therefore correct in denying Benson's motion to dismiss the indictment. Benson's conduct was substantially different from the conduct at issue in *Yates* in two key respects. First, unlike the defendants in *Yates*, Benson was prosecuted for defrauding a third party other than her employer—namely, the government of the State of Washington. In her capacity as Executive Director of the Washington Coalition for Crime Victim Advocates ("WCCVA"), Benson procured and submitted numerous fraudulent invoices to the state Attorney General's Office ("AGO") to secure grant reimbursements to WCCVA for trainings that WCCVA never held. Benson attempts to circumvent that distinction by arguing that the AGO and WCCVA were her joint or hybrid employers. That claim is unpersuasive. In *Bonnette v. California Health and Welfare Agency*, 704 F.2d 1465 (9th Cir. 1983), we laid out four factors for determining whether an entity is an employer: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id.* at

1470. It is undisputed that the AGO does not satisfy the first, second, or fourth conditions.

Second, the defendants in *Yates* deprived their employers only of their own salary and benefits. Here, the grant funds fraudulently obtained by Benson were used to pay not only her salary and benefits, but also WCCVA's other operating expenses.

2. For similar reasons, we affirm the district court's denial of Benson's proposed jury instruction. "A defendant . . . is not entitled to an instruction with wording of his own choosing." *United States v. Hofus*, 598 F.3d 1171, 1174 (9th Cir. 2010). The "relevant inquiry is whether the instructions as a whole are misleading or inadequate to guide the jury's deliberation." *Id.* (quoting *United States v. Frega*, 179 F.3d 793, 806 n.16 (9th Cir.1999)). The instructions given here were neither misleading nor inadequate.

3. Benson's claim that the district court erred in denying her motion for a directed judgment of acquittal rests on the same assertion that the jury convicted based on an impermissible salary-maintenance theory of fraud. The district court, therefore, did not err.

**AFFIRMED.**